UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 09 CR 186 |
| | ) | |
| CALVIN BOENDER and | ) | Hon. Robert M. Dow, Jr. |
| ISAAC SIMS CAROTHERS | ) | |

## PROTECTIVE ORDER

The government's motion for entry of a protective order is GRANTED, and it is hereby ORDERED as follows:

1. All materials produced to defendants by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to grand jury transcripts, agency reports, recorded conversations, witness statements, memoranda of interview, and any documents and tangible objects produced by the government, shall be divided into two categories – "Regular Discovery" and "Confidential" materials.

2. The government may designate as "Confidential" items that it believes require special protection. Confidential materials are: (a) items containing information relating to an ongoing investigation of criminal wrongdoing; (b) items that identify confidential sources of information; (c) items that describe confidential law enforcement methods; (d) materials referencing personal identifying information such as Social Security Numbers, dates of birth, addresses and telephone numbers; (e) materials referencing bank or other financial account numbers; and (f) transcripts of proceedings

before a grand jury that relate to an ongoing investigation. Defendants reserve the right to contest any government designation.

3. All Confidential materials produced by the United States may be used by the defendants, defendants' counsel of record in this case, and agents or employees working on behalf of defendants' counsel of record solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. Defendants' counsel of record and defendants shall not disclose Confidential materials either directly or indirectly to any person other than the defendants, defendants' counsels of record, persons employed to assist in the defense (including, but not limited to, experts, consultants, etc.), potential witnesses to whom documents relevant to their testimony may be shown in connection with the defense of this case ("potential witnesses"), counsel for potential witnesses, or such other persons as to whom the Court may explicitly authorize disclosure.

4. When Confidential materials produced by the United States are disclosed to a potential witness, or counsel for a potential witness pursuant to the terms of this Order, neither the potential witness nor the counsel for the potential witness shall disclose these materials either directly or indirectly to any person other than the defendants, defendants' counsel of record, persons employed to assist in the defense, agents working on behalf of defendants' counsel, or such other persons as to whom the Court may explicitly authorize disclosure.

5. Defendants' counsel of record shall inform all employees or agents working on behalf of defendants' counsel to whom Confidential materials are disclosed

that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall direct each of these individuals to comply with the terms of this Order.

6. Defendants' counsel of record shall inform all potential witnesses and counsel for potential witnesses to whom any Confidential materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall advise each of these individuals that they are obligated to comply with the terms of this Order.

7. Copies and reproductions of Confidential materials shall be treated in the same manner as the original matter.

8. The restrictions set forth in this order do not apply to documents that are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

9. Confidential materials shall not be filed with the Clerk of Court. Confidential documents produced in discovery that require the Court's review shall be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted Confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record.

10. Each party reserves all other rights relating to discovery and the production of documents, including the right to petition the Court to construe, modify, or enforce this Order upon proper notice. The Court retains jurisdiction to resolve any disputes regarding this Order. Any violation of this Order may result in imposition of civil and criminal sanctions.

ENTER:

ROBERT M. DOW, JR.
United States District Judge

Date: August 19, 2009