# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 186-1 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CALVIN BOENDER | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's motion *in limine* to preclude improper argument and evidence [84]. For the reasons set forth below, the motion is granted in part and denied in part.

**I.  Background**

The Government's motion *in limine* "To Preclude Improper Argument and Evidence" [84] sets out seven requested limitations on the way that Defendant Boender ("Boender") will be able to present his case to the jury. Boender's response, as a general matter, urges the denial of the Government's motion on the grounds that the motion merely sets out settled rules for trial: "[T]he defense expects that both sides are familiar with the Rules and that both sides will conduct themselves accordingly at trial." Def. Resp. at 1. The Court agrees in part with Boender, and thus some of the issues will be reserved for trial. As to other matters, the issues are ripe for decision. Individuated analysis is set forth below in Part III of this Order. The Government's motion *in limine* [84] is granted in part and denied in part.

**II.  Legal Standard**

A motion *in limine* is a motion "at the outset" or one made "preliminarily." BLACK'S LAW DICTIONARY 803 (8th ed. 2004). The power to rule on motions *in limine* inheres in the Court's role in managing trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions *in*

1

*limine* may be used to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that, when used properly, the motions may sharpen the issues for trial). The party seeking to exclude evidence has the burden of demonstrating that the evidence would be inadmissible for any purpose. *Robenhorst v. Dematic Corp.*, 2008 WL 1766525, at *2 (N.D. Ill. Apr. 14, 2008).

Because motions *in limine* are filed before the Court has seen or heard the evidence or observed the trial unfold, rulings *in limine* may be subject to alteration or reconsideration during the course of trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989); see also *Luce*, 469 U.S. at 41-42 ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). In addition, if the *in limine* procedural environment makes it too difficult to evaluate an evidentiary issue, it is appropriate to defer ruling until trial. *Jonasson*, 115 F.3d at 440 (delaying until trial may afford the judge a better opportunity to estimate the evidence's impact on the jury).

Although motions *in limine* typically address evidentiary matters, they may also relate to other matters, such as affirmative defenses and proper lines of inquiry at trial. See, *e.g.*, *United States v. McCloud*, 590 F.3d 560, 566-68 (8th Cir. 2009) (affirming trial court's *in limine* ruling regarding a mistake-of-age defense); *United States v. Price*, 520 F.3d 753 (7th Cir. 2006) (recounting a case's procedural history).

### III. Analysis

#### A. References to Coercion or Extortion

The Court grants the Government's motion to bar references to coercion or extortion by Defendant Boender. The Government seeks to prevent Boender from offering evidence that he was "victimized or forced by Carothers to pay for Carothers's home improvements." Pl. Mot. at 2. The Government's motion goes on to spell out why Boender should be unable, as a matter of law, to present a defense of coercion. The Government also argues that extortion is not a defense to federal program bribery and cites precedent from other courts of appeals—accordingly, the Government asks that Boender be barred from arguing that he would have been harmed financially by refusing "to provide benefits to Carothers." Pl. Mot. at 4.

Boender's response states that he does not intend to rely on either the defenses of coercion or extortion at trial. Therefore this portion of the Government's motion *in limine* is granted.

However, Boender says that, with respect to the federal program bribery count, "the burden is on the Government to prove beyond a reasonable doubt that Mr. Boender corruptly gave Alderman Carothers a benefit intending to reward or influence a specific transaction." Def. Mem. at 2. Critically—and more specifically—Boender argues that "[e]vidence that Alderman Carothers cultivated the expectation among his constituents that they treat him obsequiously or generously is relevant to whether the alleged benefit in question was corruptly given to [Carothers] as a *quid pro quo* as opposed to a gratuity not rising to the level of a bribe under the

statute." *Id.* (Boender does agree that he will not offer evidence that Boender would have been harmed had he not provided a benefit to Alderman Carothers.[1])

The Government's reply brief protests that Boender's "concession" was no concession at all, because the evidence which Boender intends to produce is precisely that which is legally irrelevant. Pl. Reply at 1-2. The Court respectfully disagrees with the Government's position and concludes that Boender—although he may be limited in accordance with the Federal Rules of Evidence—may introduce evidence related to Carothers's expectations. The Fourth Circuit has explained the rationale, and the Court finds the position persuasive:

> Under § 666(a)(2) the intent of the payor, not the intent of the payee, is determinative of whether a crime occurred. Thus, the only intent at issue was [the payor]: if he gave money to [the recipient] with the requisite corrupt intent, [the payor] violated the statute regardless of [the recipient's] intent in accepting the money. *Of course, [the recipient's] testimony regarding his own intent in taking payments might have some relevance to [the payor's] intent in making them.*

*United States v. Jennings*, 160 F.3d 1006, 1017 (4th Cir. 1998) (emphasis added) (noting, however, that the recipient's intent is "not dispositive" of the payor's intent). The Court agrees, therefore, that Carothers's expectations have "some relevance." How much relevance, and the extent to which Boender will be able to probe the issue given the potentially competing considerations that are addressed by Federal Rule of Evidence 403, are matters that will be reserved for trial.

### B. Penalties Faced by Boender

The Government next argues that Boender should not be able to introduce evidence, make argument or otherwise mention "the potential penalties faced by defendant if convicted. Def. Mot. at 5. Boender agrees that this "is the law" (Def. Mem. at 3) and has agreed not to

---

[1] Inasmuch as Defendant's response brief seeks to bar the Government from offering certain kinds of evidence (Def. Mem. at 3), the request has been disregarded as the argument was not raised in a motion *in limine* brought by Boender.

4

introduce such evidence or argument. However, Boender does seek to make sure that potential penalties that would have been faced by Carothers are on the table as impeachment evidence. *Id.* at 3-4. Based on the understanding of the parties as reflected in their briefs, the Government's motion *in limine* is granted. However, this ruling does not preclude Boender from fully cross examining any cooperators or government witnesses about penalties that they may face and benefits that they have received— or may receive—from the Government, including whether they were immunized or promised leniency.

### C. "Jury Nullification" Arguments

The parties agree that it is improper to seek jury nullification. A "defendant has no right to invite the jury to act lawlessly." *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) (defendant has right to defenses only where there is "some support in the evidence"); see also *United States v. Jenkins*, 419 F.3d 614, 618 (7th Cir. 2005). Boender has no truck with the general proposition but the parties are at loggerheads over whether specific arguments should be admitted. The Court concludes that argument or evidence of "outrageous government conduct" should be excluded, although that conclusion is based on the limited understanding of the manner in which the Government has used the term—*i.e.*, as a term of art representing an invalid defense in the Seventh Circuit. Argument or questioning about the motivation for investigating this case, however, may be relevant for impeachment purposes. Thus, the jury-nullification component of the Government's motion *in limine* is granted in part and denied in part.

#### 1. Argument or evidence about "outrageous government conduct"

The Seventh Circuit does not recognize an "outrageous government conduct" defense: the doctrine is more than moribund—it is "[s]tillborn" because "it never had any life; and it certainly has no support in the decisions of this court, which go out of their way to criticize the

doctrine." *United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995). Even circuits that have recognized the doctrine in some form (*e.g.*, *United States v. Santana*, 6 F.3d 1, 4-5 (1st Cir. 1993) (discussing "competing visions" of the doctrine's role)), have noted that "the banner of outrageous misconduct is often raised but seldom saluted" (*id.* at 4). But in the Seventh Circuit, the banner of outrageous misconduct is neither raised nor saluted. "When push comes to shove, we should reject the contention that the criminal must go free because the constable was too zealous." *United States v. Miller*, 891 F.2d 1265, 1271 (7th Cir. 1989) (Easterbrook, J., concurring).

Boender's response does not take issue with the Government's characterization of the case law. It fails to address the substance of the Government's arguments, repeating instead the incantation that motions *in limine* should not be granted unless there is no way the evidence could be admitted. Boender, however, does not point to any reason why an "outrageous government conduct" defense would be available, particularly in a circuit where the defense is "stillborn." It is perfectly acceptable to use a motion *in limine* to take an affirmative defense off the table. *E.g.*, *McCloud*, 590 F.3d at 566-68

Accordingly, the Court grants the Government's motion with respect to an outrageous government conduct defense. However, as explained immediately below, that does not take the issue of misconduct by investigating agents completely off the table.

### 2. Argument or questioning about motivation for investigating or prosecuting the case

It would be a mistake to read the Seventh Circuit's precedent as teaching that whether the "government went 'too far'" can never have a bearing on the case—defendants may use misconduct evidence to, for example, "make an entrapment defense or say that they lack the *mens rea* required of the offense." *Miller*, 891 F.2d at 1271 (Easterbrook, J., concurring). In

addition, an accused may introduce evidence that an officer has committed misconduct where it can be used to impeach a witness. See Fed. R. Evid. 608(b); *United States v. Salem*, 578 F.3d 682, 686 (7th Cir. 2009) ("Proof of bias or motive to lie is admissible impeachment evidence."); *United States v. Bland*, 517 F.3d 930, 933, 934 (7th Cir. 2008) (discussing undisclosed misconduct and the Government's concession that the information would have been relevant for impeachment purposes).

The Government's motion puts no apparent limits on inquiries into the motivation of witnesses—thus, the motion "goes too far." For example, the Government overstates the teachings of *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994). According to the Government, *Goulding* stands for the proposition that inquiry into the mental states of police officers is off limits and "irrelevant to determining the factual guilt or innocence of a defendant." Pl. Mot. at 8. However, *Goulding* is not so broad. In the opinion's analysis, the Seventh Circuit reasoned that the trial "court's rulings regarding government misconduct were not erroneous" because the defendant "was not * * * prevented from cross examining any witnesses regarding an animus against him." *Goulding*, 26 F.3d at 667. Likewise, the Government overstates the teaching of *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979).

Because the Government has not put a fine enough point on what should stay out of the trial, and an accused is generally allowed to impeach a witness's credibility through, among other things, demonstrating that the witness was biased (*Salem*, 578 F.3d at 686), that portion of the Government's motion *in limine* is denied. The Court cannot speculate as to whether Defendant can marshal any such impeachment evidence.

### D. Discovery Requests or Commentary Regarding Discovery in Jury's Presence

The Government's motion seeks to "preclude counsel from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters[] in the presence of the jury." Pl. Mot. 8. Boender agrees "as long as it applies to both sides."

Accordingly, this unopposed portion of the Government's motion *in limine* is granted.

### E. Evidence and Argument of Lawfulness and Non-Corrupt Conduct

The Government seeks to exclude "all evidence offered by Boender of his lawfulness and/or non-corrupt conduct, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a)." Pl. Mot. at 9. The Government's specific concern is that Boender may seek to introduce evidence that he did not pay bribes to other officials. *Id.* at 10. The Court reserves rulings on this issue for trial, but provides the following guidance below.

Relying on *United States v. Santos*, 201 F.3d 953 (7th Cir. 2000), Boender argues that "the circumstances surrounding the development of Galewood Yards are relevant to the issue of whether Mr. Boender corruptly gave Alderman Carothers a benefit intending to reward or influence a specific transaction. * * * The fact that the development of the property was approved by various city officials and boards without the payments of any bribes is logically relevant to that issue." Def. Mem. at 7.

Boender is correct as to the premise of his argument, but not the conclusion. Whether Boender did not bribe other officials *is* relevant. After all, Federal Rule of Evidence 401 defines the term broadly. But Rule 402 provides that the Federal Rules of Evidence (along with the Constitution or statutes), may make inadmissible evidence that is otherwise relevant. Rule 404 is

one such rule. The Rule provides: "Evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except * * * [i]n a criminal case, evidence of a pertinent trait of character offered by an accused." Fed. R. Evid. 404(a)(1). Thus, within the bounds of Rules 404 and 405, an accused in a criminal case can present evidence of his character or trait of character, which of course would "open the door" to rebuttal by the Government. For example, Rule 404(a)(1) would allow Boender to introduce evidence that he has the character trait of honesty in his business dealings, at which point the Government may introduce "evidence of [the] pertinent trait of character * * * to rebut the same" (*id.*) – provided that the trait (in this example, honesty) is pertinent to an issue in the case. But Rule 405 teaches that there are limitations on how the trait of character may be proved: "In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct." Fed. R. Evid. 405.

In short, Boender's answer that the evidence of lawful behavior is "relevant"[2] does not respond to the Government's argument that the information is excluded under Rule 404 as impermissible propensity evidence. See, *e.g.*, *United States v. Willams*, 205 F.3d 23, 34 (2d Cir. 2000) (evidence of innocent travel to Jamaica was not necessary to a defendant's defense involving culpable drug-trafficking related travel to Jamaica); *Jones v. Stinson*, 229 F.3d 112,

---

[2] In fairness, courts sometimes mistakenly refer to the issue as relevance rather than propensity evidence. See, *e.g.*, *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (stating that evidence "of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant," although further reasoning that the admission of the evidence would have complicated the case and confused the jury). The better way to understand propensity evidence is as a specific implementation of Rule 403's exclusion of evidence that may confuse or prejudice the jury. *Cf.* Graham C. Lilly, PRINCIPLES OF EVIDENCE 67 (2006) (discussing the history of Article IV of the Federal Rules of Evidence).

120 (2d Cir. 2000) (propensity evidence properly excluded); *United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990) ("Proof that a defendant acted lawfully on other occasions is not necessarily proof that he acted lawfully on the occasion alleged in the indictment."); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions."); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (evidence of noncriminal conduct generally not admissible to rebut evidence of a specific incident of misconduct).

*United States v. Santos*, the case on which Boender relies by way of a summary and explanation of the opinion's reasoning, is not on point. In that case, the trial judge failed to allow the defendant to introduce evidence that would have allowed her to rebut the Government's theory of the case. 201 F.3d 953, 962 (7th Cir. 2000). The Seventh Circuit noted that the exclusion was improper, though the court of appeals also noted that evidence was only weakly probative and the judge might have considered excluding the evidence under Rule 403. *Id.* Of course, the case does show the breadth of the teaching that if the Government puts a matter in issue, Boender will be allowed to respond. *Id.* (defendant should be allowed to counter "possibly false testimony favorable to [the Government] even if that testimony should not have been admitted").

In sum, to the extent that Boender attempts to offer evidence related to lawful conduct as propensity evidence, he is barred by doing so by the Federal Rules of Evidence. To the extent Mr. Boender intends to offer evidence related to his interactions with other officials in order to negate the *mens rea* required to obtain a conviction on a bribery theory under Section 666 (*i.e.*, on the theory that it would be implausible to bribe one city official), the Court's ruling should not be read to reach such evidence. The Court notes, however, that Rule 403 of the Federal Rules of

Evidence may pose limitations on Mr. Boender's ability extensively to pursue that theory because of the likely low probative value of the "other acts" evidence in light of the "danger of * * * confusion of the issues, or misleading the jury." Fed. R. Evid. 403; see also *Santos*, 201 F.3d at 953.

  **F.**  **Allegations of Wrongdoing Not Involving Dishonesty & Argument Concerning the Meaning of "Beyond a Reasonable Doubt"**

The remaining portion of the Government's motion *in limine* cites and discusses specific rules of evidence and legal rules, without addressing evidence or particular lines of argument. Therefore, the remaining portions of the Government's motion are denied as moot.

**IV.**  **Conclusion**

For the reasons set forth above, the Government's motion *in limine* "To Preclude Improper Argument and Evidence" [84] is granted in part and denied in part.

Dated: March 3, 2010

                     _____
                     Robert M. Dow, Jr.
                     United States District Judge